**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: 119169

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK
### WHITE PLAINS DIVISION

| | |
|---|---|
| Chany Friedman,<br><br>Plaintiff,<br><br>vs.<br><br>Stephen Einstein & Associates, P.C. and LVNV Funding, LLC,<br><br>Defendants. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Chany Friedman (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Stephen Einstein & Associates, P.C. and LVNV Funding, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendants conducted business within the State of New York.

**PARTIES**

5. Plaintiff Chany Friedman is an individual who is a citizen of the State of New York residing in Orange County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Stephen Einstein & Associates, P.C., is a New York Professional Corporation with a principal place of business in New York County, New York.

9. On information and belief, Defendant LVNV Funding, LLC, is a Delaware Limited Liability Company with a principal place of business in New Castle County, Delaware.

10. On information and belief, Defendant Stephen Einstein & Associates, P.C. regularly collects or attempts to collect debts asserted to be owed to others.

11. On information and belief, Defendant LVNV Funding, LLC regularly collects or attempts to collect debts asserted to be owed to others.

12. On information and belief, Defendant Stephen Einstein & Associates, P.C. is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

13. On information and belief, Defendant LVNV Funding, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14. On information and belief, the principal purpose of Defendant Stephen Einstein & Associates, P.C.'s business is the collection of such debts.

15. On information and belief, the principal purpose of Defendant LVNV Funding, LLC's business is the collection of such debts.

16. On information and belief, Defendant Stephen Einstein & Associates, P.C. uses the mails in its debt collection business.

17. On information and belief, Defendant LVNV Funding, LLC uses the mails in its debt collection business.

18. Defendant Stephen Einstein & Associates, P.C. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

19. Defendant LVNV Funding, LLC is a "debt collector" as defined by 15 U.S.C. §

1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

20. Defendants allege Plaintiff owes a debt ("the alleged Debt").

21. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

22. The alleged Debt does not arise from any business enterprise of Plaintiff.

23. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

25. At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

26. On an exact date unknown to Plaintiff, but within a year of this Complaint, in its efforts to collect the alleged Debt, Defendants served Plaintiff with a Summons and Complaint, Index No. EF000162-2020 (Supreme Court of the State of New York County of Orange).

27. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants. As set forth herein, Defendants deprived Plaintiff of this right.

28. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FIRST COUNT
### Violation of 15 U.S.C§ 1692c(b)

29. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

30. 15 U.S.C. § 1692c(b) provides that without the prior consent of the consumer given directly to the debt collector, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

31. Defendants served Plaintiff with a Summons and Complaint by posting such Summons and Complaint to Plaintiff's apartment door.

3

32. The Summons and Complaint were not enclosed in an envelope when they were posted to Plaintiff's door by Defendants.

33. The Summons and Complaint were not sealed in any other manner when they were posted to Plaintiff's door by Defendants.

34. The Summons and Complaint were not concealed in any other manner when they were posted to Plaintiff's door by Defendants.

35. The Summons and Complaint were in open view of other residents passing by Plaintiff's apartment door.

36. Plaintiff never gave Defendants consent to communicate with any third party in connection with the collection of the alleged Debt.

37. Defendants' conduct all but assured that third parties were able to see to the Summons and Complaint.

38. Defendants' conduct all but assured that Plaintiff's privacy protections afforded to Plaintiff through the FDCPA would be violated.

39. That a third party may learn about the alleged Debt was a foreseeable outcome of Defendants' conduct.

40. For all of the foregoing reasons, Defendants violated 15 U.S.C. § 1692c(b) and are liable to Plaintiff therefor.

## SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

42. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

44. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

4

45. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

46. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

47. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

48. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

49. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

50. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

51. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

52. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

53. The Letter alleges that Plaintiff owed $4,706.36.

54. Plaintiff did not owe $4,706.36.

55. Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

56. Defendants' allegation that Plaintiff owed $4,706.36, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

57. Defendants' allegation that Plaintiff owed $4,706.36, when Plaintiff did not owe

5

any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

58. Defendants' allegation that Plaintiff owed $4,706.36, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

59. Defendants' allegation that Plaintiff owed $4,706.36, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

60. Defendants' allegation that Plaintiff owed $4,706.36, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

61. Defendants' allegation that Plaintiff owed $4,706.36, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

62. Defendants' allegation that Plaintiff owed $4,706.36, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

63. Defendants' allegation that Plaintiff owed $4,706.36, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

64. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## THIRD COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

65. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

66. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

67. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

68. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

69. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

70. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

71. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

72. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

73. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

74. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

75. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

76. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

77. The Letter claims that Plaintiff owes a debt to LVNV Funding, LLC.

78. Plaintiff did not owe a debt to LVNV Funding, LLC.

79. LVNV Funding, LLC never offered to extend credit to Plaintiff.

80. LVNV Funding, LLC never extended credit to Plaintiff.

81. Plaintiff was never involved in any transaction with LVNV Funding, LLC.

82. Plaintiff never entered into any contract with LVNV Funding, LLC.

83. Plaintiff never did any business with LVNV Funding, LLC.

84. Plaintiff was never indebted to LVNV Funding, LLC.

85. LVNV Funding, LLC is a stranger to Plaintiff.

86. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

87. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

88. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

89. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt LVNV Funding, LLC, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

90. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

91. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

92. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

93. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

94. Defendants' demand that Plaintiff make payment for a debt that he does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

95. Defendants' request that Plaintiff make payment for a debt that he does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

96. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## JURY DEMAND

97. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a. Finding Defendants' actions violate the FDCPA; and

    b. Granting damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    c. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    d. Granting Plaintiff's costs; all together with

    e. Such other relief that the Court determines is just and proper.

DATED: May 29, 2020

**BARSHAY SANDERS, PLLC**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 119169